516 P.2d 344

Harold **PAYTON** and Avon Payton, his wife, Plaintiffs and Respondents,

v.

Calvin C. **MAGLEBY** and Jane Doe Magleby, his wife, Defendants and Appellants.

No. 13358.

Supreme Court of Utah.

Nov. 29, 1973.

Phillip L. Foremaster, St. George, for defendants and appellants.

Michael W. Park, Cedar City, for plaintiffs and respondents.

ELLETT, Justice:

This is an appeal from an order overruling objections to a judgment granting an easement to the Paytons over land owned by Magleby. No evidence was presented to the court at trial, and judgment for the Paytons was rendered on an oral stipulation setting out the description of the easement granted. Thereafter Magleby filed objections to the judgment as made and signed by the court. At the hearing on the objections counsel for both parties were present, and the court signed and filed an order containing the following language:

. . . [T]he Court having reviewed the file in said matter and having requested counsel for each of said parties to submit a transcript of the stipulation in open Court and the Order of said Court thereupon, and neither of said parties having produced said transcript or otherwise advised said Court, and the matter having been submitted to the Court and good cause appearing therefor,

IT IS HEREBY ORDERED that Defendants' objection to the Judgment entered in said matter be, and the same hereby is, overruled and denied.

An appeal was taken from the order overruling the objections but not from the judgment itself. Therefore, the only matter before us is the question of whether the trial court abused its discretion in overruling the objections to the judgment as rendered. The judgment was given pursuant to an oral stipulation of the par-

ties made in open court, and the judgment signed by the judge is presumed to be correct in the absence of a showing to the contrary.

The parties were requested to assist the court by presenting a transcript of the stipulation and order or otherwise advising the court. However, neither party complied with the request of the judge and simply submitted the matter for a ruling. That ruling was made, and it does not appear that there was any abuse of discretion in overruling the objection under the existing circumstances.

Some 21 days after the filing of the order overruling the objections to the judgment, someone caused a copy of the transcript of the stipulation to be filed with the clerk of the court. Since this transcript was not given to the trial judge at the hearing on the objection, although requested by him, he had no fair opportunity to advise himself as to whether he should amend or alter the judgment rendered.

We do not consider matters on appeal which were not before the trial court.

The order of the court overruling the objections to the judgment was not an abuse of discretion, and it is hereby affirmed. The respondent is awarded costs on this appeal.

CALLISTER, C. J., and HENRIOD, CROCKETT and TUCKETT, JJ., concur.